Isabelle W. Shumway, Plaintiff in Error, v. Hiram M. Shumway and Dorice D. Shumway, Defendants in Error.

Gen. No. 8,546.

Opinion filed April 27, 1932.

W. B. McBride and Dryer & Brown, for plaintiff in error.

Leal W. Reese, John E. Hogan and Harold S. Williams, for defendants in error.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

The record in this case discloses that the plaintiff in error Isabelle W. Shumway procured a judgment by confession to be entered in the circuit court of Christian county for the sum of $12,338.52. Thereafter the court entered an order that the judgment be opened, and gave the defendants in error leave to plead in defense; also ordered that the judgment stand as security. Thereafter the court sustained a demurrer to the declaration; and after that the court sustained a motion discharging the lien of the opened judgment.

The writ of error in this case is prosecuted for reversal of the order of the court sustaining the demurrer to the declaration, and for reversal of the order discharging the lien which the court retained as security in its order to open the judgment.

Neither of the orders from which the writ of error is prosecuted is a final order.

"A final order is such a judgment, order or decree as finally disposes of the merits of the case in such manner that no further proceedings can be had in the lower court." *Dowdall v. Hutchens,* 347 Ill. 326.

Writs of error lie only from final orders of the circuit courts. Cahill's St. ch. 110, ¶ 91; sec. 91, ch. 110, Smith-Hurd Rev. Statutes.

An order sustaining a demurrer is not a final order; nor is the order discharging the lien of the judgment which the court had previously ordered to stand as security in connection with the opening of the judgment. The judgment which was entered by confession by virtue of the warrant of attorney attached to the notes in controversy was not thereby vacated nor set aside nor otherwise finally disposed of.

For the reasons stated it is evident that the writ of error was improvidently sued out; and it is therefore dismissed.

*Dismissed.*